JUDGE TORRES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 8557

RECEIVED DEC 02 2013 U.S.D.C. S.D.N.Y. CASHIERS

-----------------------------------------------------------X

BRYAN SEXTON,

                 Plaintiff,

       v.

VINCENT LECAVALIER,

                 Defendant

-----------------------------------------------------------X

**COMPLAINT**

13-cv-8557-AT

ECF CASE

Plaintiff by his undersigned attorneys, for his complaint alleges:

1. Plaintiff is the claimant in an arbitration pending in New York, N.Y. before the International Centre for Dispute Resolution, a division of the American Arbitration Association, case number 50 148 T 00408 11.

2. Respondents in that proceeding are Jake Karam, Kent Hughes, Vladimir Shushkovsky, Ian Winter, CC Capital, Inc. and "Red Star Poker."

3. At claimant's request, the arbitration panel voted to issue a subpoena on Vincent Lecavalier ("Lecavalier"). This subpoena was returnable on November 6, 2013 before a hearing to be conducted by the Chairman of the panel, David M. Lindsey.

4. Lecavalier through an attorney produced documents to plaintiff's

11439897_1

attorney in advance of the scheduled hearing.

5. An examination of those documents and the response by Lecavalier's attorney and Lecavalier disclosed that Lecavalier had failed to comply with the subpoena's request for all documents relating to Red Star Poker and had failed to produce the documents found on his computer(s) in native format as required by the subpoena.

6. Plaintiff brings this action to enforce the subpoena and related relief.

## JURISDICTION AND VENUE

7. There is diversity between plaintiff and all of the parties to the arbitration, in that plaintiff is a citizen of Florida, Kent Hughes is a citizen of Massachusetts and Jake Karam, Vladimir Shushkovsky and Ian Winter are citizens of Canada.

8. The amount in controversy exceeds $75,000 in that the plaintiff claims damages in the arbitration of approximately $17 million.

9. Venue is properly in this district in that the situs of the arbitration is in this district and Lecavalier lives and works in the Philadelphia area which is within 100 miles of the Courthouse in this district.

## BACKGROUND

10. Plaintiff was an investor in 2005 in a start-up whose purpose was to

11439897_1

2

organize an internet site for online poker, gaming and sports betting to service Russia and nearby countries. This site is today known as "Red Star Poker."

11. Plaintiff was informed by Jake Karam, Kent Hughes and Vladimir Shushkovsky that his investment in the Red Star Poker enterprise was through a company called CC Capital, Inc., which they claimed owned the company or companies operating the Red Star Poker site.

12. The Red Star Poker site has become very successful and today offers poker, casino gaming and sports betting to Russia and nearby countries. It has been recognized as the 8th largest such site in the world.

13. Plaintiff learned that he has been frozen out of participating in the success of the Red Star Poker site and that CC Capital in fact does not own the entity or entities which own the Red Star Poker site. As a result, plaintiff commenced the aforesaid arbitration pursuant to a shareholders agreement containing an arbitration provision.

14. Plaintiff has retained a forensic accountant who has confirmed to plaintiff that the financial reports sent to him by the respondents in the arbitration, and particularly Karam, were not reliable and did not appear to reflect an actual company.

15. Respondents in the arbitration informed plaintiff that Red Star Poker is

not earning any significant money and has few players, even though publicly available information shows the Red Star Poker site to be very successful.

16. Other investors in the Red Star Poker start-up are believed to have received money and other things of value for their investments in the Red Star Poker site which plaintiff did not receive.

17. Upon information and belief, Lecavalier was a large investor in the Red Star Poker enterprise.

18. The arbitration panel found that Lecavalier was likely to have information relevant to the arbitration and issued a subpoena to him to produce all his records relating to the Red Star Poker site and to provide all documents found on a computer in native format.

## PRODUCTION OF DOCUMENTS

19. Upon information and belief, the documents produced on behalf of Lecavalier by an attorney did not include all of the documents relating to Red Star Poker enterprise in his custody or control, including records reflecting the wires of funds sent by Lecavalier to Jake Karam for investment in the Red Star Poker enterprise and the evidence of Lecavalier's investment in the Red Star Poker enterprise.

20. The response by the attorney for Lecavalier limited production to

11439897_1

documents for Lecavalier as an "individual investor" while the subpoena required production of "all documents in your possession, custody or control relating to any company containing the name in any language of Red Star Poker ...."

21. Lecavalier's attorney's limitation was an improper attempt to avoid producing the required documents.

22. Lecavalier has admitted that he wired money to invest in Red Star Poker.

23. The documents delivered by Lecavalier's attorney were forwarded by emails to her on October 7, 2013, but Lecavalier, who was personally served on October 10, 2013, in a conversation with plaintiff's attorney on October 13, 2013 did not mention that he was represented by any attorney.

24. The subpoena called for documents found on any computer to be produced in native format, but this requirement was not complied with.

## RELIEF REQUESTED

25. Plaintiff requests that this Court:

A. Direct defendant to produce the material required by the subpoena issued by the arbitrators including all material in defendant's possession, custody or control relating in any way to the Red Star Poker enterprise, including all documents relating to the admitted wiring of funds by Mr. Lecavalier to invest

11439897_1

in Red Star Poker.

      B. Direct defendant to produce all required material located on any computer in native format as required by the arbitrators' subpoena.

      C. Such other and further relief as to this Court shall seem just and proper.

WHEREFORE, plaintiff requests that this Court enter the relief requested above and such other and further relief as to this Court shall seem just and proper.

Dated: December 2, 2013
      New York, NY.

      Leslie Trager (LT8995)
      Co-counsel for Claimant
      230 Park Avenue
      10th floor
      New York, NY 10169
      (212) 721-1192
      tragerlaw@gmail.com

      Dilworth Paxson LLP

      By _____
         Gregory A. Blue (GB 9569)
      Co-counsel for plaintiff
      99 Park Ave., Suite 320
      New York, NY 10016
      (212) 675-4252
      gblue@dilworthlaw.com

11439897_1