UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

BRYAN SEXTON,                                                    13-CV-08557 (AT)

                Plaintiff,

      v.

VINCENT LECAVALIER,

                Defendant

-----------------------------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO HOLD DEFENDANT IN CONTEMPT UNTIL HE COMPLIES WITH COURT'S ORDER.

Leslie Trager
Attorney for Plaintiff
230 Park Avenue
New York, NY 10169
212 721 1192
tragerlaw@gmail.com

FACTS

On December 10, 2013, this Court issued an order to defendant directing that he produce "all responsive documents located on any computer in native format as required by the Subpoena...." (Para. (ii) of the first ordering paragraph)(1, Ex. A). (All references are to paragraphs in Trager declaration and exhibits attached to it).  The order directed that this production be done by December 12, 2013 at 5 PM. (Ex. A). Defendant failed to do this.  Instead defendant's counsel sent an affidavit from her firm's IT Director stating that "it is not possible to electronically produce Google Gmail since we do not manage the infrastructure, but rather it is managed and controlled by Google." (4, Ex. C).  As demonstrated by the cases set forth below, this is simply incorrect.  All it would have taken to copy was a few clicks to transfer the emails and their attachments found in Mr. Lecavalier's laptop to a disc, which disc should have been delivered to plaintiff's attorneys. (5).

### I. THIS COURT HAS THE AUTHORITY TO ENFORCE ITS ORDER BY CITING DEFENDANT FOR CONTEMPT.

"Courts have the inherent power to enforce compliance with
their lawful orders through the imposition of civil contempt
sanctions. *Shillitani v. United States*, 384 U.S. 364, 370 ...
(1966).  The exercise of this power to enforce compliance with
a lawful order is appropriate when '1) the order is clear and
unambiguous; 2) proof of noncompliance is clear and
convincing; and 3) the party has not been reasonably diligent
and energetic in attempting to comply with the order.' *Sec. and
Exch. Comm'n v. Muselia*, 818 F. Supp. 600, 601-02 (1993).

*Ginter Logistics Service Co. , Ltd v. ACH Freight Forwarding, Inc*., 2010 U.S. Dist. Lexis 113934 (S.D.N.Y. 2010).  This also applies to subpoenas under FRCP 45. *Ginter, supra.*  These standards have been met here.

### II. THE ACTION REQUIRED BY DEFENDANT WHICH WAS NOT PERFORMED.

Emails exist on Lecavalier's laptop. (7).  For purposes of this case, as they exist on this laptop is native format.  To produce in native format, simply requires moving those emails and attachments, which Mr. Lecavalier claims exist on his laptop, to a disc and delivering that disc with these documents on it to plaintiff's attorney.  As the court in *Covad Communications Co. v Revonet, Inc*.,  254 F.R.D. 147, 150 (D.C.D.C. 2008) held: "the e-mails at issue exist in what I have called their native format and can be copied onto a CD with a couple of keystrokes."

Gmail, in so far as this case is concerned, does not operate in a different manner and  is also required to be produced in the same way.  See, *Sekisui American Corp. v. Hart*, 945 F. Supp. 2d 494, fn. 71 (S.D.N.Y. 2013), noting that the "MIT Media Lab recently developed a tool demonstrating the significance of email meta data. The tool analyzes the metadata from the user's Gmail account and visualizes that data, revealing who the user talked to, how often, and when, among other things."   The failure to preserve the ESI data for emails was held to constitute a destruction of evidence by the court in *Sekisui.*

In *S2 Automoation LLC v. Micron Technology, Inc*., 2012 U.S. Dist. Lexis 120097 (D. N.M. 2012)(at 74-75) the court found that native format was the file structure which opened and created the document and that email was routinely stored in one of four recognized systems. And courts routinely grant a request for production in native format. See, *Saliga v. Chemtura Corp.*, 2013 U.S. Dist. Lexis 167019 (D. Conn 2013), recognizing the importance of metadata with respect to emails and directing production in native format because plaintiff requested it.

In short, there was a simple method for complying with the request in the subpoena for production of documents found in Lecavalier's computer (including emails) in native format. And when directed by this Court to produce in native format, all that Lecavalier would have needed to do was to transfer the emails and related documents to a CD and produce that CD. Instead, Lecavalier has deliberately chosen not to produce in this form. There is no excuse for this .

## CONCLUSION

For the foregoing reasons, the relief requested by plaintiff to hold defendant in contempt and impose penalties until he performs should be granted.

Dated: January 3, 2014
      New York, NY                                            Respectfully submited,

                                                                           *S/*_____
                                                                          Leslie Trager (lt 8995)
                                                                          Co-counsel for plaintiff

                                                      230 Park Avenue  
                                                      10th floor  
                                                      New York, NY 10169  
                                                      212721 1192  
                                                      tragerlaw@gmail.com