UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
BRYAN SEXTON,                                                      13-CV-08557 (AT)

                Plaintiff,
        v.

VINCENT LECAVALIER,

                Defendant

-----------------------------------------------------------X

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO HOLD DEFENDANT IN CONTEMPT UNTIL HE COMPLIES WITH COURT'S ORDER.

                Leslie Trager
                Attorney for Plaintiff
                230 Park Avenue
                New York, NY 10169
                212 721 1192
                tragerlaw@gmail.com

REPLY MEMORANDUM

## I. DEFENDANT DOES NOT DENY THAT HE DID NOT PRODUCE IN NATIVE FORMAT.

Defendant does not deny that he did not produce in native format the emails and attachments on his laptop computer, as required by the subpoena. As demonstrated by the reply declaration, this was not a difficult task to do.

Defendant claims that gmail cannot produce in native format. But, as shown in the reply declaration, it is most likely that defendant's emails are kept on his computer in an email client account. This would allow defendant to easily copy the emails and their attachments to a disc. Such copying will necessarily preserve the meta data on these emails and will constitute native format.

Defendant offers esoteric definitions of native format, but these words have come to be recognized as calling for production which delivers the material in the form in which it exists on that person's computer. As noted in plaintiff's moving memorandum, the court in *Covad Communications Co. v Revonet, Inc.*, 254 F.R.D. 147, 150 (D.C.D.C. 2008) held: "the e-mails at issue exist in what I have called their native format and can be copied onto a CD with a couple of keystrokes." That is all that has been requested here.

*S2 Automoation LLC v. Micron Technology, Inc.*, 2012 U.S. Dist. Lexis 120097 (D. N.M. 2012)(at 74-75) held that native format was the file structure

which opened and created the document and that email was routinely stored in one of four recognized systems. This case was previously cited and defendant does not in any way contest its applicability - his brief does not even mention the case.

Thus, if, as is most likely the case, defendant's email is stored on his laptop in an email client account, copying the email to a disc is all that was required and is easily accomplished.

If defendant's email is not stored on his laptop, then it is necessary to go to the gmail account on the web. But, as explained in paragraphs 7 - 9 of the reply declaration, native format can also be obtained sufficient for purposes of this case without difficulty.

This information would show whether the documents produced by defendant on October 7, 2013 to Ms. Madonna (before he even realized he had an attorney) were really produced by him and whether his email of vinni444@gmail.com is really his. Given the strong opposition by defendant to doing the simple tasks of producing in native format, one can only suspect that the answer to these questions will not be favorable to defendant. But, as the arbitrators have consistently recognized, in issuing both the subpoenas for documents and testimony, as well as their subsequent orders regarding defendant, these are important issues.

Nor is anything sought beyond the court's jurisdiction. The subpoena

directed native format production. That will bring along with it whatever meta data is there. We do not ask for more than the subpoena required.

## II. SERVICE OF ORDER TO SHOW CAUSE TO ENFORCE SUBPOENA WAS PROPERLY MADE.

Defendant complains about service of the order of December 4, 2013, directing defendant to show cause on December 9 why he should not be directed to comply with everything required by the arbitrators' subpoena. Although defendant and his attorney had knowledge of this order, no one from the defendant showed up on December 9, as required.

Service on defendant's attorney, Ms. Madonna was admittedly made on her by leaving with a receptionist at her office. But she had previously authorized this. (Reply declaration, para. 17). Additionally, under Pennsylvania Rules of Civil Procedure, section 402(a)(2)(iii) service may be made by delivering a copy to "any office ... to the person for the time being in charge thereof." Under this statute, service upon Madonna's receptionist was valid. (Rule 4(e) FRCP allows for service of summons and subpoenas pursuant to applicable state law.)

That same law applies to defendant. Service was made by leaving at the office of his employer, the Philadelphia Flyers. Leaving the order with a security person was proper because this was the only person that plaintiff's process server had access to.

3

Given that defendant's attorney had knowledge of the order, her decision to not appear as required should also be held a waiver of any objections to service. But, as noted, in any event, good service was made in accordance with this Court's order.

### III. THE RELEVANCE OF THE SUBPOENA WAS SOLELY FOR THE ARBITRATORS.

At page 23 of defendant's brief, defendant, citing a 1954 case, argues that this Court should determine whether the documents and native format directed by the subpoena were relevant.  This is incorrect and no court since then has followed that decision on this point.  *In Matter of Security Life Insurance Company of America*, 228 F. 3d 865, 871 (8th Cir. 2000) specifically held that defendant's case should not be followed, stating:

> "Transamerica's attempt to transform this language into a requirement that the district court second-guess the panel's judgment is thus misleading at best.  Although there is some support for imposing such a requirement on the district court, see *Oceanic Transport Corp v. Alcoa Steamship Co.*, 129 F. Supp. 160, 161(S.D.N.Y. 1954), we believe it is antithetical to the well-recognized federal policy favoring arbitration , and compromises the panel's presumed expertise in the matter at hand."

The arbitrators in the case at bar have been involved with this case for over two years.  Their judgment on relevance should be respected.

### IV.  THERE IS NO EVIDENCE OF PLAINTIFF'S BAD FAITH.

Defendant claims that plaintiff has acted in bad faith in bringing this proceeding. But he clearly has not . The arbitrators' subpoena requested that documents on defendant's computer be produced in native format. There was obviously good reason for this because a lot of the evidence presented to the arbitrators indicated that documents produced by respondents at the arbitration were not authentic and did not represent events at Red Star Poker. Yet defendant, who has blatantly refused to comply with the subpoena request for native format from the outset, and who in fact produced documents under very suspicious circumstances, now claims that plaintiff has acted in bad faith. There is simply no basis for such a claim.

## CONCLUSION

For the foregoing reasons, the relief requested by plaintiff to hold defendant in contempt and impose penalties until he performs should be granted.

Dated: January 23, 2014
    New York, NY

Respectfully submited,
*S/*                 
Leslie Trager (lt 8995)
Co-counsel for plaintiff
230 Park Avenue
10th floor
New York, NY 10169
212721 1192
tragerlaw@gmail.com